IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO._____ |
| v. | : | DATE FILED:_____ |
| **SERGIO RUCHTEIN** | : | VIOLATION:<br>**22 U.S.C. § 2778 (attempted export of a defense article without a license- 1 count)**<br>**Notice of forfeiture** |
| | : | |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this Information:

1. The export of defense articles and services from the United States was governed by the Arms Export Control Act ("AECA"), Title 22, United States Code, Section 2778, and the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Parts 120-130.

2. The AECA authorizes the President, among other things, to control the export of "defense articles" deemed critical to the national security and foreign policy interests of the United States. The AECA also authorizes the President to designate items as "defense articles," require licenses for the export of such articles, and promulgate regulations for the export of such articles. By executive order, the President has delegated this authority to the United States Department of State, Directorate of Defense Trade Controls ("DDTC"). Accordingly, the DDTC promulgates regulations under the AECA, which are known as the International Traffic in Arms Regulations ("ITAR").

3. The ITAR implements the provisions of the AECA, and establishes the

framework for regulating the export of defense articles. The ITAR defines an "export" as the sending or taking of a defense article out of the United States in any manner. The ITAR defines a "defense article" to be any item on the United States Munitions List ("USML"). The ITAR contains the USML.

4. The USML sets forth 21 categories of defense articles and services that are subject to export licensing controls. In addition, Category XII on the USML included: image intensifier tubes and other night sighting equipment or systems specifically designed, modified or configured for military use; second generation and above military image intensifier tubes specifically designed, developed, modified, or configured for military use; and infrared, visible and ultraviolet devices specifically designed, developed, modified, or configured for military application.

5. At all times relevant to this information, the following defense article was designated on the USML, as a Category XII defense article, and required an export license from the DDTC to export from the United States to a place outside thereof: a Pulsar Trail XP 50 LRF Thermal Rifle Scope.

6. Persons desiring to export defense articles and services from the United States must register with the DDTC and obtain an individual export license for each shipment abroad prior to the export, as set forth in Title 22, Code of Federal Regulations, Sections 122 and 123. At all times relevant to this information, it was illegal to export or attempt to export defense articles on the USML without a license or written authorization from the DDTC.

7. At no time did defendant SERGIO RUCHTEIN apply for or receive a license or written authorization from the DDTC to export defense articles, including but not limited to, a Pulsar Trail XP 50 LRF Thermal Rifle Scope, to Argentina or any other foreign country.

8. At all times relevant to this information, it was illegal to possess or attempt to possess any defense article with intent to export or transfer such defense article in violation of

the AECA, to wit: to export or attempt to export defense articles on the USML without a license or written authorization from the DDTC.

9. In addition, at all times relevant to this information, it was illegal for any person to willfully attempt, solicit, cause, or aid, abet, counsel, demand, induce, procure, or permit the commission of any act prohibited by the AECA, to wit: to export or attempt to export defense articles on the USML without a license or written authorization from the DDTC.

10. Between on or about January 22, 2019 and on or about March 25, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**SERGIO RUCHTEIN**

willfully attempted to export from the United States to a place outside thereof, that is, Argentina, a defense article, that is, a Pulsar Trail XP 50 LRF Thermal Rifle Scope, which was designated as a defense article on the USML, without having first obtained from the DDTC a license for such export or written authorization for such export;

In violation of Title 22, United States Code, Sections 2778 (b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Section 127.1(a)(1).

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

      1.    As a result of the violation of Title 22, United States Code, Section 2778, as set forth in this information, defendant

**SERGIO RUCHTEIN**

shall forfeit to the United States of America:

      (a)    any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses;

      (b)    any defense articles or other export controlled items intended to be illegally exported;

      (c)    any vessel, vehicle, or aircraft which has been used in exporting or attempting to export any defense articles of other export controlled items.

All pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Sections 981 and 982, and Title 22, United States Code, Section 401.

*(signature)*
**WILLIAM M. McSWAIN**
**United States Attorney**